IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

USA,

    Plaintiff,

v.                                                                               Crim. No. 12-286 (GAG)

KENNY TORRES-COLON

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On April 12, 2012, Defendant Kenny Torres-Colon ("Torres") was indicted for being a convicted felon in possession of a firearm and ammunition. (See Docket No. 16.) As described by the government, Torres was a passenger in a speeding vehicle and was observed throwing a firearm and fanny pack out the window onto the highway. (See Docket No. 83 at 2.) After collecting the evidence, consisting of the firearm, seventy-two rounds of ammunition and five magazines, it was sent to the Institute of Forensic Sciences of Puerto Rico (the "Institute") for ballistic testing. (See id. at 3.) The evidence was not subjected to fingerprint testing. (See id.) The items were eventually transferred to Torres' expert for fingerprint testing. (See id.) In anticipation of the results from Torres' expert, the government moved to exclude any evidence regarding the fingerprint analysis. (Docket No. 83.) Torres' opposed and motioned for dismissal of the indictment. (Docket No. 89.) After reviewing the parties' submissions and the pertinent law, the court **DENIES** the government's motion to exclude (Docket No. 83) and **DENIES** the Torres' motion to dismiss (Docket No. 89).

**I.     Standard of Review**

Rule 402 of the Federal Rules of Evidence states, "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution, a federal statute, these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." FED. R. EVID. 402. The test for relevant evidence is, "(a) it has any tendency to make a fact more or less

**Crim. No. 12-286 (GAG)**

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence may be inadmissible because its probative value is outweighed by its unfair prejudicial value, confuses the issues or misleads the jury. See FED. R. EVID. 403. In conducting a Rule 403 analysis the court only seeks to avoid unfair prejudice, because all evidence is designed to be prejudicial in some capacity. See U.S. v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000).

**II.   Discussion**

   **A.   Motion to Exclude at Docket No. 83**

The government seeks to exclude Torres' fingerprint report because it would confuse the jury. (See Docket No. 83 at 5 ("This will only cause confusion to the potential members of the jury and should be excluded as allowed under Fed. Rules Evid. 403 . . . .").) The court disagrees. The results are relevant and will not confuse the jury. The lack of fingerprints on the firearm and ammunition are relevant to whether Torres possessed those items. The fact that no fingerprints were recovered from the items will not confuse the jury. In fact, it will be important evidence for the jury to consider when deciding whether Torres committed the crime of possessing these items. The government argues that the lack of fingerprints is completely expected and normal, while at the same time argues that such evidence is confusing. The government will be given the opportunity to explain to the jury why no fingerprints were found and how latent fingerprints are rarely found on firearms and ammunition during trial. But the proposition that no fingerprints were found is not confusing. Juries are entrusted to grasp fingerprint analysis and weigh the evidence, even in more complicated cases. See e.g., U.S. v. Hernandez-De La Rosa, 606 F. Supp. 2d 175, 187 (D.P.R. 2009). Therefore, the court **DENIES** USA's motion to exclude evidence regarding Torres' expert's fingerprint analysis.

   **B.   Motion to Dismiss the Indictment at Docket No. 89**

Torres' motion to dismiss the indictment raises some serious concerns for the court. Ultimately, Torres does not have the right to require the government to perform fingerprint analysis

2

**Crim. No. 12-286 (GAG)**

on evidence. Courts have held a defendant has a constitutional right to have an expert examine evidence for fingerprints when the government intends to demonstrate the defendant's identity through fingerprint analysis. See U.S. v. Thomas, 216 F.3d 1089, T. at *2 (10th Cir. 2000) ("A appellant's constitutional right to a fingerprint expert thus only arises upon a threshold showing that proof of the perpetrator's identity through fingerprint evidence is likely to be a significant factor at trial."). That is not the case here as the government admits there are no fingerprints on the evidence. Torres had the right to have its own expert examine the evidence for fingerprints, which was allowed and the tests were performed. The lack of fingerprints is an issue Torres may use when defending the issue of possession.

As argued by the government, there was a need to collect this evidence from the roadside. Certainly, no responsible police officer could allow a handgun and dozens of rounds of ammunition be left unattended along the highway. But it seems the officers took no precautions to preserve the evidence. The government does not even attempt to explain the surrounding circumstances that forced the officers to retrieve the evidence with their bare hands.

Torres seeks dismissal of the entire case due to the improper handling of the evidence. (See Docket No. 89.) Due to the lack of fingerprints, the government will have to rely on other evidence to prove possession, such as eye-witness accounts of the events. That evidence is not tainted by the handling of the evidence. Torres has the right to impeach any testimony with questions regarding the proper handling of evidence and can rely on the lack of fingerprints to support its arguments. It will be up to the jury to hear all the testimony and make credibility determinations. The court shall not exclude the evidence or dismiss the case.

**II.   Conclusion**

For the foregoing reasons, the court **DENIES** the government's motion to exclude fingerprint testimony (Docket No. 83) and **DENIES** Torres' motion to dismiss the indictment (Docket No. 89).

**Crim. No. 12-286 (GAG)**

  **SO ORDERED.**

In San Juan, Puerto Rico this 12th day of August, 2013.

                *s/ Gustavo A. Gelpí*

                GUSTAVO A. GELPI

                United States District Judge

4